**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**JANE DOE,**                                            CASE NO.

      **Plaintiff,**

vs.

**UNIVERSITY OF MIAMI, a Florida**
**not for profit corporation,**

      **Defendant.**
_____/

## DEFENDANT'S NOTICE OF REMOVAL

      Defendant, University of Miami (the "University"), by and through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby files this Notice of Removal of the above-captioned case from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, in which it is now pending, to the United States District Court for the Southern District of Florida. In support hereof, the University states as follows:

      1.    Plaintiff, Jane Doe, commenced the above-styled action by filing a Complaint against the University in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Case No. 2018-021364-CA (22), on June 22, 2018. Plaintiff's Complaint alleges a single claim of negligence against the University.

      2.    This Court has original jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. § 1332(a), which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States."

      3.    The University properly may remove this claim to this Court pursuant to 28 U.S.C. § 1441(a), which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

4. Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal has been signed by counsel for the University pursuant to Fed. R. Civ. P. 11.

5. The University was served with the Summons and Complaint in this action on July 6, 2018. However, the Complaint does not contain all of the necessary information to determine removability on grounds of diversity. The Complaint alleges, in pertinent part:

> 1. This is an action for damages far in excess of $15,000, exclusive of attorney's fees, interest and costs.
> 2. At all times material, Plaintiff JANE DOE was a minor and resident of Pennsylvania, a student at the University of Miami, and is otherwise *sui juris*.
> 3. At all times material, Defendant UNIVERSITY OF MIAMI is a Florida not profit corporation duly authorized to do and doing business in Miami-Dade County, Florida.

6. On July 26, 2018, the University propounded upon Plaintiff a Request for Admissions and Plaintiff responded thereto on August 28, 2018. Copies of Defendant's Request for Admissions and Plaintiff's Response to Defendant's Request for Admissions are attached hereto as Exhibit A. In pertinent part, the University's requests and Plaintiff's responses were as follows:

> 1. Admit that, as of June 22, 2018, you were a resident of the State of Pennsylvania.[1]
> Response: Admitted
>
> 8, Admit that you seek monetary damages in excess of Seventy-Five Thousand Dollars ($75,000.00).
> Response: Admitted

7. Section 1446(b)(2)(C)(3) of Title 28, United States Code, provides that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Under this section, "information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper.'" 28 U.S.C. § 1446(c)(3)(A). This Notice of Removal is being filed within 30 days of the

---

[1] "To determine whether diversity jurisdiction exists, the Court must look at the citizenship of the parties as of the date of the filing of the complaint." *Henkle v. Cumberland Farms, Inc.,* No. 16-cv-14248-Middlebrooks, 2017 WL 56349047, at *3 n.10 (S.D. Fla. June 6, 2017).

University's receipt of Plaintiff's Response to Defendant's Request for Admissions from which it was first ascertained that the case is removable. Accordingly, this Notice is timely filed.

      8.      Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal contains "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon" the University in this action, which are attached hereto as Exhibit B.

      9.      Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be served on counsel for Plaintiff and will be filed with the Clerk of the Circuit Court of the Eleventh Judicial Circuit of Florida.

      Respectfully submitted,

**ISICOFF RAGATZ**
601 Brickell Key Drive
Suite 750
Miami, Florida 33131
Tel.: (305) 373-3232
Fax: (305) 373-3233

By: /s/ Eric D. Isicoff
      Eric D. Isicoff
      Florida Bar No. 372201
      Isicoff@irlaw.com
      Teresa Ragatz
      Florida Bar No. 545170
      Ragatz@irlaw.com
      Christopher M. Yannuzzi
      Florida Bar No.: 92166
      Yannuzzi@irlaw.com

**CERTIFICATE OF SERVICE**

I **HEREBY CERTIFY** that a true and correct copy of the foregoing was served via Email this 24th day of September, 2018, upon the following:

John Eversole, Esq.
Rubenstein Law, P.A.
9130 South Dadeland Boulevard
Datran II – PH
Miami, Florida 33156
John@rubensteinlaw.com
nancy@rubensteinlaw.com
eservice@rubensteinlaw.com

By:   s/ Eric D. Isicoff
            Eric D. Isicoff